UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 23-CR-10157-AK

UNITED STATES OF AMERICA

v.

WILLIAM GIORDANI

**FINAL STATUS REPORT
AND ORDER ON EXCLUDABLE DELAY**

LEVENSON, M.J.

The parties have filed a joint memorandum requesting that the Court cancel the final status conference set for October 2, 2023, and refer the case to the District Judge for further proceedings. *See* Docket No. 45. The parties have requested that the Court set a schedule for motions pursuant to Fed. R. Crim. P. 12(b), and they have proposed that all such motions be due no later than October 16, 2023.

The final status conference set for October 2, 2023, has been cancelled, and the matter is referred to the District Judge.

Pursuant to Local Rule 116.5(d), this is the Court's Final Status Report upon transfer to the District Judge.

1. Discovery Status

The parties report that they have completed all automatic discovery and that there are no outstanding discovery matters to be resolved by the Court.

2. Expert Disclosure Timing

In a previous filing, the parties proposed that the government's expert disclosures, if any, be due 30 days before trial and that the defendant's expert disclosures, if any, be due 21 days before trial. *See* Docket No. 37.

3. Pretrial Motions

The parties have proposed that motions pursuant to Fed. R. Crim. P. 12(b) be due no later than October 16, 2023.

4. Length of Trial

The parties have not indicated the anticipated length of any trial.

5. Speedy Trial Act

To date, no days have elapsed under the Speedy Trial Act and there are 70 days of non-excludable delay remaining. Defendant's indictment was unsealed and he appeared for his initial appearance and arraignment on June 16, 2023. *See* Docket Nos. 26; 30. Pursuant to 18 U.S.C. §3161(h)(7)(A), the Court has excluded all periods from May 31, 2023, to October 2, 2023. *See* Docket No. 12 (excluding May 31 – June 30, 2023); Docket No. 35 (excluding June 15 – Aug. 16, 2023); Docket No. 40 (excluding Aug. 16 – Oct. 2, 2023).

The parties agree that it is also appropriate to exclude the time between October 2, 2023, and October 16, 2023.

**ORDER ON EXCLUDABLE DELAY**

With the agreement of the parties, the Court finds that the interests of justice in this case, *i.e.*, the need to allow time for Defendant to prepare one or more motions pursuant to Fed. R. Crim. P. 12(b), outweigh the interests of the public and Defendant in a trial within seventy days of the date of the making public of the indictment or the date of Defendant's initial appearance, whichever is later.

Accordingly, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), it is hereby ORDERED that the Clerk of this Court enter excludable time for the period from October 2, 2023, up to and including October 16, 2023.[1]

Date: October 6, 2023

                                                             /s/ Paul G. Levenson
                                                           United States Magistrate Judge

---

[1] The parties are hereby advised that, under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993).